N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



KELVIN HALL      PLAINTIFF

VS.      CIVIL ACTION NO. 2:23-cv-136-HSO-BWR

TRAVELERS INSURANCE COMPANY AND
JOHN DOES 1-10      DEFENDANTS

### COMPLAINT
(Jury Trial Demanded)

COMES NOW the Plaintiff, Kelvin Hall, and files this his Complaint against Defendants Travelers Insurance Company and John Does 1-10 and in support thereof, would show unto this court as follows:

1. Plaintiff is an adult resident citizen of Brandon, Rankin County, Mississippi.

2. Defendant Travelers Insurance Company is an insurance corporation authorized to do, and is currently doing, business in the State of Mississippi and upon whom service of process may be had by serving Mike Chaney, Commissioner of Insurance, at the Mississippi Insurance Department, 1001 Woolfolk State Office Building, 501 North West Street, Jackson, Mississippi, or in any other manner as allowed by law.

3. John Doe Defendants 1 through 10 are persons, corporations, limited liability companies, partnerships, and/or other entities whose identities are currently unknown, and thus are named as fictitious party defendants. The Plaintiff will seek leave to amend this Complaint and state their true names and capacities when their identities are ascertained. Plaintiff further alleges that the Defendants described as John Doe Defendants 1 through 20 were negligent and

proximately responsible for the damages alleged in this Complaint, together with the named Defendants.

## Jurisdiction & Venue

4.      Pursuant to 28 U.S. Code § 1391 (2), Plaintiff was involved in a motor vehicle accident in Hattiesburg, Forrest County, Mississippi which gives rise to the claims asserted herein for underinsured motorist claims, medical payments claims, breach of contract and bad faith insurance practices there for venue is proper this Court. These Defendants are subject to the jurisdiction of this Court pursuant to applicable Mississippi law. This Court has jurisdiction and venue over this action and the parties pursuant to 28 U.S.C. §§ 1332 and 1391. Therefore, venue and jurisdiction are proper in this Court. The lawsuit is timely filed pursuant to applicable Mississippi law.

## Facts Giving Rise to Claim for Relief

5.      On or about January 28, 2021 Plaintiff, Kelvin Hall, was operating a 2016 Chevrolet Tahoe ending in VIN # 230198 and was traveling north on U.S. Highway 49 in Hattiesburg, Forrest County, Mississippi in a lawful and prudent manner stopped at a red light when suddenly and without warning, Abigail Grace Cole, the driver of an automobile traveling northbound on Highway 49 collided with the rear of the Plaintiff's vehicle at a high rate of speed. Abigail Grace Cole negligently failed to keep a proper lookout, maintain a safe distance from the vehicle in front, maintain a proper lane of travel, keep her vehicle under reasonable control, keep a proper lookout and collided with the Plaintiff's vehicle causing a serious accident and permanent bodily injury to the Plaintiff. The subject accident was caused by the negligence of Abigail Grace Cole. At the time of the subject accident, Abigail Grace Cole was insured with Progressive Insurance Company with the minimum limits of coverage of $25,000.00 under

Mississippi law. Plaintiff was insured by Travelers Insurance Company under policy #6051710772031 issued by its insurance agents Ross & Yerger Insurance, Inc. Plaintiff's insurance policy provided for medical payments coverage and uninsured and/or underinsured (hereinafter referred to as "UM") motorist benefits in the amount of $250,000.00 per accident. There are three scheduled vehicles listed under the subject Travelers policy which under Mississippi stacking policy limits there is a total of $750,000.00 in UM motorist coverage available to the Plaintiff under his contract of insurance with the Defendant.

6. At the time of the subject accident, Abigail Grace Cole was operating a vehicle insured by Progressive. Within the provision of Miss. Code Ann. §83-11-103, Abigail Grace Cole was, at all times relevant to the acts/omissions forming the facts of this Complaint, an underinsured motorist and, therefore, Plaintiff would be entitled to recover any amounts of UM insurance available to him under the Travelers insurance policy #6051710772031. Progressive tendered its available limits of coverage for the subject accident and Defendant, Travelers Insurance Company, agreed to waive any subrogation claims against Abigail Grace Cole as part of that tender of benefits. (See: Letter from Travelers' claims adjuster is attached hereto as **Exhibit "A"** and incorporated herein by reference.) As such, coverage under the Travelers' policy for UM motorist coverage became applicable for the Plaintiff's injuries and damages sustained in the subject accident and asserted in the subject of this Complaint.

7. Progressive Insurance Company tendered its policy limits of $25,000.00 to the Plaintiff. Travelers Insurance Company agreed to waive its subrogation rights against Progressive's Insurance Company insured. As such, under Mississippi law, Travelers Insurance Company is entitled to a set off of the $25,000.00 payment from Progressive Insurance

Company. Therefore, the total UM motorist coverage available to the Plaintiff and Travelers insured is $725,000.00.

8.   As a direct and proximate result of the reckless, careless and negligent acts of Abigail Grace Cole, Plaintiff was caused to suffer serious permanent injuries and disabilities which include injuries to his neck, back, shoulder and ears. As a result of the violent collision, the Plaintiff's driver-side seatbelt device discharged to engage his seatbelt. The loud and violent noise caused the Plaintiff to sustain a bilateral tinnitus injury in his ears which creates a high frequency ringing twenty-four hours a day for the rest of his life. Said bilateral tinnitus injury in his ears was caused as a result of the impact. These injuries are permanent and have caused serious discomfort and problems to the Plaintiff.

9.   As a result of the above UM motorist coverage, the Defendant, Travelers Insurance Company, is indebted to Plaintiff for personal injuries he sustained that were caused by, or contributed to, the negligence of Abigail Grace Cole. Further, Defendant, Travelers, has been in possession of its insured's medical records and bills detailing his permanent and serious injuries. Plaintiff provided a demand upon Travelers for the UM motorist coverage. Travelers rejected the demand. Further, during this time, Travelers has wholly and intentionally failed to honor its contractual obligations to the Plaintiff, thereby creating claims for bad faith insurance practices by the Defendant.

10.   Additionally, Plaintiff will show that Travelers committed certain acts of bad faith claim practices in violation of Mississippi law which include, after receiving substantial medical records and information pertaining to the extent of the Plaintiff's injuries, his permanent injury report causally related to the subject accident, its failure to take any independent review of his medical conditions; failure to assess his overall damages; and failure to properly and reasonably

investigate the claim in a timely manner. In fact, in denying his claims for UM motorist benefits which is due to the Plaintiff under his policy of insurance, Travelers advised that its claims team "did not feel" like the Plaintiff's injuries warranted a demand for the UM benefits and committed other tortious and bad faith acts that will be shown through discovery in this matter.

11.    Further, Plaintiff has communicated that Defendant, Travelers, was required to assess the sum that it believed the Plaintiff was entitled to under the policy and that it could not hold these funds as a condition precedent to the settlement. That is, an offer cannot be withheld to pressure the Plaintiff to accept these funds in exchange for a Full and Final Release. After violating its contractual obligations to the detriment of the Plaintiff, Defendant, Travelers Insurance Company, refuses to pay any sums it deems it owes to the Plaintiff <u>without</u> a Full and Final Release in accordance with Mississippi law. Defendant, Travelers, has wholly failed to take any action in determining the extent of and duration of the Plaintiff's permanent injuries, degree of impairment and future damages which are noted in his medical records.

12.    Under the terms of the Policies of Insurance and under the law of the State of Mississippi, the Defendant, Travelers Insurance Company, had an obligation to pay unto the Plaintiff any amounts admittedly due and owing to the Plaintiff of the aforementioned policy of insurance. Despite repeated demands, the Defendant, Travelers, failed and refused to pay unto the Plaintiff the sums which are admittedly owed under the above policy of insurance. The aforementioned actions on behalf of Travelers are a willful breach of the Defendant's fiduciary and contractual obligations to the Plaintiff and entitles the Plaintiff to punitive damages against the Defendant, Travelers, in an amount sufficient to punish the Defendant for its actions and to deter the Defendant, Travelers, from this sort of action in the future.

13. At all times referenced herein, Plaintiff is covered under the Travelers' policy as an insured and entitled to UM motorist benefits afforded under that policy. Plaintiff is also entitled to recover for breach of contract against Defendant Travelers Insurance Company and for any all bad faith damages to which he is entitled.

## COUNT I

## PLAINTIFF'S CLAIM FOR UM MOTORIST COVERAGE AGAINST DEFENDANT TRAVELERS INSURANCE COMPANY

The allegations contained in Paragraphs 1 through 13 set forth above are re-alleged in full and are incorporated herein by reference.

14. Defendant Travelers Insurance Company owes a duty to the Plaintiff as its insured to provide that coverage which exists and is compensable under its policy of insurance which includes providing payment of its UM motorist benefits to the Plaintiff.

15. As set forth herein, Plaintiff qualifies for UM motorist coverage under the subject policy. The Plaintiff is entitled to collect the policy limits pursuant to the aforementioned Travelers Insurance policy of insurance for UM motorist coverage as set forth herein.

## COUNT II

## BREACH OF CONTRACT AND BAD FAITH CLAIMS AGAINST DEFENDANT TRAVELERS INSURANCE COMPANY

The allegations contained in Paragraphs 1 through 15 set forth above are re-alleged in full and are incorporated herein by reference.

16. On or about January 28, 2021, Defendant, Travelers Insurance Company received notice that its insured, Kelvin Hall, was involved in an accident. A claim under the policy was made by the Plaintiff. In violation of its contract and agreement with Plaintiff as alleged above,

Defendant Travelers has wholly failed to investigate the subject claim, and failed to pay UM coverage for damages he sustained for several years that are covered under the subject policy.

17. Defendant Travelers Insurance Company breached the terms of the insurance contract. Such insurance contract provided that Defendant would protect and provide coverage to the Plaintiff against hazards such as incurred on January 28, 2021, and would, pursuant to the time of the policy, compensate Plaintiff for any damage he sustained under such circumstances as set forth herein.

18. Defendant, by and through its agents, employees and/or representatives, have willfully, intentionally, or at a minimum, through gross negligence, breached the terms of the contract, violated certain claims practices as are recognized by Mississippi law and caused the Plaintiff to suffer financial distress, mental and emotional distress and anguish in the past and which may be incurred in the future.

19. Plaintiff is entitled to recover from Defendant, Travelers Insurance Company, based on a breach of contract, in the amount of the subject contract limits of the uninsured and/or underinsured automobile policy, and additional compensatory damages, punitive damages, plus pre-judgment and post-judgment interest, all attorneys' fees, court costs and other expenses incurred by Plaintiff in connection with this action. Defendant breached its duty to promptly, fully and fairly investigate and evaluate Plaintiff's UM claim and to pay a fair and reasonable amount of Plaintiff's damages under its UM coverage, resulting in damages to Plaintiff including punitive damages or in the alternative, extra-contractual damages.

20. At times relevant to this Complaint, Defendant trained its claims personnel to treat its own insureds and their first-party claims in the same manner that they would deal with third-party claimants to whom they owe no duty of good faith and fair dealing. Defendant

knowingly and willfully breached its duty of good faith and fair dealing owed to its insured. Defendant's conduct toward Plaintiff violated standards of decency, fairness and reasonableness, and amounted to conscious wrongdoing for a dishonest purpose.

21. Defendant committed a willful or malicious wrong or acted with gross and reckless disregard for Plaintiff's rights. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered additional damages, including mental anguish, pain, emotional distress, damage to credit, and attorney fees. In the alternative, if the insurer's conduct is found not sufficiently egregious to justify the imposition of punitive, extra-contractual damages are appropriate based upon the insurer's lack of an arguable basis for delaying and/or denying payment of Plaintiff's claim.

22. In breaching and continuing to breach the contractual obligations it owes to Plaintiff, Defendant acted and continues to act negligently, grossly negligent, maliciously, intentionally, and with reckless disregard for the rights of Plaintiff. Defendant has breached and continues to breach the duty of good faith and fair dealing which it owed and continues to owe to Plaintiff. The aforesaid wrongful conduct by Defendant has been and continues to be motivated by, inter alia, an attempt to use its superior bargaining power to force Plaintiff to accept an inadequate settlement of his claims under the Policy.

## COUNT III

## NEGLIGENT/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The allegations contained in Paragraphs 1 through 22 set forth above are re-alleged in full and incorporated herein by reference.

23. The actions of Defendants as set forth herein constitute negligent and/or intentional infliction of emotional distress upon Plaintiff. As a result of this conduct, Plaintiff

has been caused to suffer emotional hardship and mental anguish, for which he is entitled to be compensated.

## COUNT IV

## DAMAGES

The allegations contained in Paragraphs 1 through 23 set forth above are re-alleged in full and are incorporated herein by reference.

24. Plaintiff would further state that as a direct and proximate result of the negligence and breaches of duties and legal duties owed to him by the Defendant(s), Plaintiff has suffered damages including, but not limited to, the following:

(a) The entire limits of the UM policy limits owed to the Plaintiff, including post-judgment and pre-judgment interest

(b) Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future.

(c) Past, present and future physical pain and suffering;

(d) Past, present and future emotional and mental suffering and anguish;

(e) Temporary and permanent physical impairment and disability; and

(f) Loss of enjoyment of life.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment of, from and against the Defendant in an amount of $2,500,000.00 plus interest from the date of the filing of the original Complaint and all costs of court and Plaintiff demands a judgment of, from and against the Defendant Travelers Insurance Company in the amount of its contract limits, punitive damages, plus pre-judgment and post-judgment interest and attorneys' fees. Plaintiff further

reserves the right to assert any additional courses of action that may become known through discovery.

This the 21st day of September, 2023.

Respectfully submitted,

KELVIN HALL, PLAINTIFF

BY: _____
KEVIN E. GAY
*Attorney for Plaintiff*

OF COUNSEL:

KEVIN E. GAY (MSB#100721)
KEVIN GAY ATTORNEY AT LAW, PLLC
2906 N. State Street, Suite 106 (39216)
Post Office Box 12301
Jackson, Mississippi 39236
Telephone: 601-500-5611
Facsimile: 601-500-5612
Email: kgay@kglawms.com